IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN <br> 216 F St., #131 <br> Davis, CA 95616 <br><br>  Plaintiff, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT <br> 1849 C Street NW <br> Washington, DC 20240 <br><br>  Defendant. | Case No: 23-cv-1315 |

## COMPLAINT

### I.   INTRODUCTION

1. Plaintiff American Wild Horse Campaign ("AWHC") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Bureau of Land Management (hereinafter "BLM") in failing to provide AWHC with all non-exempt records responsive to its October 22, 2021, FOIA request to this federal agency, as modified on November 10, 2022, seeking records from January 1, 2018 to October 2021 that contain the microchip number of each wild horse or wild burro and the corresponding freeze mark number or ID number of each wild horse or wild burro that has a microchip number in the Bureau of Land Management's Wild Horse & Burro Program System (WHBPS) database.

– 1 –

COMPLAINT

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, American Wild Horse Campaign, is a non-profit organization that, at all times relevant herein, has been headquartered in Davis, California.

5. Defendant Bureau of Land Management is federal agency of the United States, and sub-component of the United States Department of the Interior, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform to agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA

administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13. On or about October 22, 2021, American Wild Horse Campaign (AWHC) sent a FOIA request to the Bureau of Land Management (BLM), seeking records from January 1, 2018 to October 2021 that contain the microchip number of each wild horse or wild burro and the corresponding freeze mark number or ID number of each wild horse or wild burro that has a microchip number in the Bureau of Land Management's Wild Horse & Burro Program System (WHBPS) database.

14. On or about October 22, 2021, AWHC received an email response from the BLM, confirming receipt of AWHC's October 22, 2021 FOIA request, and assigning the request tracking number DOI-BLM-2022-000368.

15. On or about November 23, 2021, AWHC sent an email to BLM inquiring as to whether the BLM had an estimated completion date for processing Plaintiff's October 22, 2021, FOIA request.

16. On or about January 11, 2022, AWHC sent another email to the BLM, once again requesting an estimated completion date for responding to AWHC's October 22, 2021, FOIA request.

17. On or about March 3, 2022, AWHC sent an email to BLM providing the agency with updated contact information.

18. On or about March 20, 2022, AWHC again sent an email to the BLM, once again requesting information as to when AWHC could expect to receive responsive records, and inquiring as to the agency's estimated completion date for responding to its October 22, 2021, FOIA request.

19. On or about March 20, 2022, AWHC again sent a second email on this day to the BLM, once again requesting information as to when AWHC could expect to receive responsive records and the estimated completion date for its October 22, 2021, FOIA request.

20. On or about April 21, 2022, AWHC again sent an email to the BLM, once again requesting information as to when AWHC could expect to receive responsive records and the estimated completion date for its October 22, 2021, FOIA request.

21. On or about June 18, 2022, AWHC again sent an email to the BLM, once again

requesting information as to when AWHC could expect to receive responsive records and the estimated completion date for its October 22, 2021, FOIA request.

22. On or about July 19, 2022, AWHC again sent an email to the BLM, once again requesting information as to when AWHC could expect to receive responsive records, and the estimated completion date for its October 22, 2021, FOIA request.

23. On or about September 10, 2022, AWHC once again sent an email to the BLM, requesting information as to when AWHC could expect to receive responsive records, and the estimated completion date for its October 22, 2021, FOIA request.

24. On or about October 25, 2022, AWHC sent an email to BLM providing the agency with updated contact information.

25. On or about November 10, 2022, AWHC sent an email to the BLM, modifying the scope of this FOIA request, and requesting information as to when AWHC could expect to receive responsive records, and the estimated completion date for its October 22, 2021, FOIA request.

26. On or about December 30, 2022, AWHC again sent an email to the BLM, once again requesting information as to when AWHC could expect to receive responsive records, and the estimated completion date for responding to its October 22, 2021, FOIA request.

27. On or about February 1, 2023, AWHC again sent an email to the BLM, once again requesting information as to when AWHC could expect to receive responsive records, and the estimated completion date for responding to its October 22, 2021, FOIA request.

28. On or about February 7, 2023, AWHC again sent an email to the BLM and Ryan Witt (BLM Government Information Specialist), re-sending the November 10, 2022 e-mail which

reduced the scope of the request, and once again requesting information as to when AWHC could expect to receive responsive records, and the estimated completion date for responding to its October 22, 2021, FOIA request.

28. On or about March 7, 2023, AWHC again sent an email to the BLM and Ryan Witt (BLM Government Information Specialist), re-sending the November 10, 2022 e-mail which reduced the scope of the request and once again requesting information as to when AWHC could expect to receive responsive records, and the estimated completion date for its October 22, 2021, FOIA request.

## VII. CLAIMS FOR RELIEF

29.  AWHC realleges, as if fully set forth herein, paragraphs 1-28 previously set forth herein.

30.  Defendant BLM has violated FOIA by failing to provide AWHC with all non-exempt responsive records for its October 22, 2021, FOIA request.

31.  By failing to provide AWHC with all non-exempt responsive record to its October 22, 2021, FOIA request as described in paragraph 13 above, Defendant BLM has denied AWHC's right to this information as provided by the Freedom of Information Act.

32. Defendant BLM has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's October 22, 2021, FOIA request.

33. By failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's October 22, 2021, FOIA request, Defendant BLM has denied AWHC's right to this information as provided by law under the Freedom of Information Act.

34. Unless enjoined by this Court, Defendant BLM will continue to violate AWHC's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

35. AWHC is directly and adversely affected and aggrieved by Defendant BLM's failure to provide responsive records to its FOIA request described above.

36. AWHC has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

37. AWHC is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for AWHC, providing the following relief:

1. Declare Defendant BLM has violated FOIA by failing to provide AWHC with all non-exempt records responsive to its October 22, 2021, FOIA request.

2. Declare Defendant BLM has violated FOIA by failing to complete an adequate search for records responsive to AWHC's October 22, 2021, FOIA request.

3. Direct by injunction that Defendant BLM perform an adequate search for records responsive to its October 22, 2021, FOIA request and provide AWHC with all non-exempt responsive records to AWHC's October 22, 2021, FOIA request.

4. Grant AWHC's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

DATED: This 9th day of May, 2023.

Respectfully submitted,

 /s/ Daniel J. Stotter
Daniel J. Stotter (WI0015)
STOTTER LAW OFFICES LLC
P.O. Box 1753
Corvallis, Oregon 97339
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**